THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Arnold Ward, Appellant.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2012-UP-123   
 Submitted February 1, 2012  Filed
February 29, 2012

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and
 Solicitor J. Gregory Hembree, of Conway, for Respondent. 
 
 
 

PER CURIAM:  Arnold Ward appeals his conviction for
 attempted first-degree burglary.  On appeal, Ward contends the trial court
 erred in denying his motion for a directed verdict because the State failed to
 provide sufficient evidence to show Ward intended to commit first-degree
 burglary.  We disagree.  
"When ruling on a motion for a directed verdict, the trial
 court is concerned with the existence or nonexistence of evidence, not its
 weight."  State v. Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648
 (2006).  "A defendant is entitled to
 a directed verdict when the [S]tate fails to produce evidence of the offense
 charged."  Id.  "When reviewing a denial of a directed
 verdict, [an appellate c]ourt views the evidence and all reasonable inferences
 in the light most favorable to the [S]tate."  Id.  "If there
 is any direct evidence or any substantial circumstantial evidence reasonably
 tending to prove the guilt of the accused, the [appellate c]ourt must find the
 case was properly submitted to the jury."  Id. at 292-93, 625
 S.E.2d at 648.  
"A person is guilty of
 burglary in the first degree if the person enters a dwelling without consent
 and with intent to commit a crime in the dwelling, and . . . the entering or
 remaining occurs in the nighttime."  S.C. Code Ann. § 16-11-311(A)(3)
 (2003).  "A person who commits the common law offense of attempt is
 punishable as for the principal offense. . . . [T]he mens rea of an attempt
 crime is one of specific intent such that the act constituting the attempt must
 be done with the intent to commit that particular crime."  State v.
 Reid, 383 S.C. 285, 292, 679 S.E.2d 194, 197-98 (Ct. App. 2009) (internal
 quotation marks omitted).  "The State must prove the defendant's specific
 intent was accompanied by some overt act, beyond mere preparation, in
 furtherance of the intent."  Id. at 293, 679 S.E.2d at 198.  
The State provided direct
 evidence Ward attempted to commit first-degree burglary.  The owner of the home
 testified he was awakened just after midnight and saw Ward, dressed in dark
 clothing, "squeeze and compress" an exterior door.  When the homeowner
 turned on the lights, Ward fled and was later apprehended.  The homeowner
 positively identified Ward as the individual he saw attempting to break into
 the home.  Ward provided an alternative explanation for his presence at the
 home; however, this explanation went to the weight of the evidence, not its
 existence.  The jury could have properly inferred Ward intended to enter the
 home to commit a crime.  Thus, viewing the evidence in the light most favorable
 to the State, the evidence supported submitting the case to the jury.
AFFIRMED.[1]
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 214, SCACR.